UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SHAWN ROSS,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN DARREN YOUNG, and ATTORNEY GENERAL FOR THE STATE OF SOUTH DAKOTA,<br><br>Defendants. | 4:20-CV-04007-RAL<br><br>ORDER DENYING MOTON FOR STAY |

Plaintiff Shawn Ross filed this action under 28 U.S.C. § 2254. Doc. 1. This Court screened the case and directed service. Docs. 5, 9.

On December 9, 2020, the Defendants filed a motion to dismiss, Doc. 11, and memorandum of law, Doc. 12, seeking dismissal of Ross's federal petition without prejudice to refiling because Ross has a pending state court habeas corpus petition.

On December 21, 2020, Ross filed a request to stay this case. Doc. 13. Ross explained that he previously was unaware that his state habeas corpus case was still pending. Ross then requested a stay of this case until his state habeas corpus case concludes.

In certain situations, a § 2254 petitioner is entitled to a stay of a federal petition to allow for exhaustion of a state habeas corpus case in order to avoid expiration of the one-year federal limitation period created by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). See Rhines v. Weber, 544 U.S. 269 (2005). A Rhines stay, however, is to enter when an inmate

1

presents a mixed petition and the AEDPA statute of limitations has run during the pendency of the federal habeas petition. In Ross's case, he apparently has filed his § 2254 habeas case too early, before completing his state habeas corpus proceeding. As long as Ross has a state habeas corpus proceeding pending, his one-year AEDPA statute of limitations period is tolled under 28 U.S.C. § 2244(d)(2). Thus, this does not appear to be a situation where Ross is entitled to a <u>Rhines</u> stay or where he is in present jeopardy of having his AEDPA limitation period run. After all, the Defendants are seeking a dismissal without prejudice to refiling, and Ross could refile another § 2254 petition if he does not get the relief he requests in state court, as long as he does so within the one-year time period under § 2244(d).

Therefore, it is hereby

ORDERED that Ross's request for a stay, Doc. 13, is denied. It is further

ORDERED that Ross has until February 12, 2021, to file a response to the Defendants' motion to dismiss. It is further

ORDERED that Defendants notify this Court on or before February 12, 2021, of how much time they calculate Ross has remaining on his now-tolled one-year AEDPA statute of limitations. It is finally

ORDERED that Defendants have fourteen (14) calendar days after Ross's response to file any reply in support of their motion to dismiss.

DATED this 25th day of January, 2021.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE