UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SHAWN ROSS,<br><br>　　　　　　　Petitioner,<br><br>vs.<br><br>WARDEN DARREN YOUNG and ATTORNEY GENERAL FOR THE STATE OF SOUTH DAKOTA,<br><br>　　　　　　　Respondents. | 4:20-CV-04007-RAL<br><br>OPINION AND ORDER GRANTING RESPONDENTS' MOTION TO DISMISS AND DISMISSING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS |

On January 9, 2020, Petitioner Shawn Ross filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Pending before this Court are Respondents' motion to dismiss and Ross's motion to amend. Docs. 11, 15.

## I. Factual Background

In 2017, Ross pled guilty in state court to third-degree burglary and received a sentence of five years imprisonment. State v. Ross, Brule County Criminal File No. 17-9; Doc. 12-1. Ross appealed his conviction and sentence. See Doc. 12-2. The Supreme Court of South Dakota affirmed. Id.; State v. Ross, 916 N.W.2d 141, 151 (S.D. 2018).

On August 22, 2019, Ross filed a petition for writ of habeas corpus in state court. Doc. 12-3. He filed an amended habeas petition in state court on January 16, 2020 and requested that his state-court appointed habeas counsel be discharged. Docs. 12-4, 12-5.[1] The state court has not

---

[1] Ross filed this federal habeas petition seven days before he filed his amended state habeas petition. Compare Doc. 1 to Doc. 12-4.

ruled on Ross's claims in his amended state habeas petition. When Ross filed this petition in federal court, he acknowledged that his state petition is still pending. Doc. 1 at 3. In his federal petition, Ross alleges: (1) an actual innocence claim; (2) Fourth Amendment violations; (3) judicial bias; and (4) an improper enhancement in his sentence. Id. at 6-10. Ross claims that an "unknown delay has been hindering review" of his state amended petition. Id. at 12-13.

## II. Discussion

Respondents assert that Ross's petition must be dismissed because he has failed to exhaust his state court remedies and cannot maintain a claim under Federal Rule of Civil Procedure 12(b)(6). Doc. 11. Ross's state amended petition remains pending before the circuit court. Doc. 17 at 1. Ross in his federal case made a motion to stay. Doc. 13. For reasons this Court has described, Ross is not entitled to stay-and-abeyance of his federal petition. Doc. 14. To be assured that Ross does not risk a statute of limitations issue, this Court ordered Respondents to advise how much time remains on Ross's AEDPA period (which is tolled while Ross has a state habeas petition pending). Respondents calculate that Ross has 61 days remaining on his AEDPA one-year statute of limitations. Doc. 17.

Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies. 28 U.S.C. § 2254(b). Exhaustion requires giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before presenting the issues in a federal habeas petition. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Weaver v. Bowersox, 438 F.3d 832, 839 (8th Cir. 2006) (a petitioner's claims must be adjudicated on the merits by a state court). "A claim is considered exhausted when the petitioner has afforded the highest state court a fair

opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).

Under South Dakota law, when a state petition for writ of habeas corpus is denied, the petitioner must seek a certificate of probable cause from the state circuit court within thirty days from the date of the final judgment or when the order is entered. SDCL § 21-27-18.1. If the motion is not timely, it must be dismissed. See Hannon v. Weber, 638 N.W.2d 48, 50 (S.D. 2001). If the circuit court refuses a timely filed certificate of probable cause, the petitioner must file a "separate motion for issuance of a certificate of probable cause with the Supreme Court within twenty days of the entry of the circuit judge's refusal." SDCL § 21-27-18.1. A failure to properly exhaust remedies in accordance with state procedure results in a procedural default of the prisoner's claims. O'Sullivan, 526 U.S. at 848. Ross's amended state petition is still pending before the circuit court. Doc. 17 at 1. Thus, Ross is still in the early stages of state court exhaustion.

Section 2254 states that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . circumstances exist that render such process [state exhaustion] ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). The Eighth Circuit has recognized a waiver of the exhaustion requirement when it "would be futile in light of the state's vindictive actions toward [petitioner] in the past." Thompson v. Mo. Bd. of Parole, 929 F.2d 396, 399 (8th Cir. 1991) (holding that exhaustion would be futile due to prosecution's vindictive acts of withholding material evidence and unconstitutional jury selection in three trials.). Exhaustion can also be waived " 'in rare cases where exceptional circumstances of peculiar urgency are shown to exist.' " Mellott v. Purkett, 63 F.3d 781, 785 (8th Cir. 1995) (quoting Granberry v. Greer, 481

U.S. 129, 131 (1987)). Generally, the petitioner must show the need for an urgent decision and an additional factor. See Jones v. Solem, 739 F.2d 329, 331 (8th Cir. 1984) (stating a factor to consider is whether the state has been "unnecessarily and intentionally dilatory").

Here, Ross claims that an "unknown delay" is hindering the review of his amended state habeas petition. Doc. 1 at 12-13. However, an unknown delay is not sufficient to support a showing that exhaustion would be futile or that an urgency exists. See Thompson, 929 F.2d at 399; Mellott, 63 F.3d at 785. At least some of the delay in the state habeas corpus proceeding appears to stem from Ross wanting to replace his appointed counsel in the state habeas case. Ross has not shown that it is futile to await the outcome of his state habeas corpus case. Thus, Ross's federal petition for writ of habeas corpus is dismissed for failure to exhaust his state court remedies.

### III. Certificate of Appealability

"[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition." Miller-El v. Cockrell, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253). "Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA from a circuit justice or judge." Id. at 335–36. A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds that Ross has failed to make a substantial showing that his constitutional rights were denied because his claims have not been exhausted in state court. Thus, a certificate of appealability is not

issued. See 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.").

Thus, it is:

ORDERED that the Respondents' motion to dismiss, Doc. 11, is granted and the petition is dismissed without prejudice to re-filing. Ross can re-file a federal habeas corpus petition within 61 days after fully exhausting his claims before the state court, including any appeal of any denial of the state habeas petition to the Supreme Court of South Dakota. It is further

ORDERED that Ross's motion to amend, Doc. 15, is denied as moot. It is finally

ORDERED that based upon the reasons stated and under Fed. R. App. P. 22(b), the Court finds that Ross has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Thus, a certificate of appealability is denied.

DATED April 8, 2021.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

5